```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

SHANE MACK LOWRY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:04-0463
　　　　　　　　　　　　　　　　　(Criminal Action No. 1:02-0003-02)

UNITED STATES OF AMERICA,

    Defendant.

### MEMORANDUM OPINION

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on May 26, 2004, in which he recommended that the District Court deny plaintiff's motion pursuant to 18 U.S.C. § 3582.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a __de novo__ review by this court. __Snyder v. Ridenour__, 889 F.2d 1363 (4th Cir. 1989).

On June 7, 2004, plaintiff timely filed objections to the Proposed Findings and Recommendation. With respect to those objections, the court has conducted a de novo review.

On April 30, 2002, defendant (Lowry) pled guilty to Count One of an indictment charging him with conspiring to distribute hydromorphone in violation of 21 U.S.C. § 846.  He was sentenced on August 5, 2002, to serve a 78-month term of incarceration to be followed by a three-year term of supervised release.  Defendant was also ordered to pay a mandatory special assessment of $100 and a fine of $1000.  In determining the amount of drugs attributable to defendant for purposes of relevant conduct, the court relied on controlled purchases of Dilaudid (hydromorphone) and historical information regarding defendant and his co-defendants' involvement in the distribution of hydromorphone.

Amendment 657 to the United States Sentencing Guidelines, adopted by the U.S. Sentencing Commission effective November 1, 2003, changed the method of weighing oxycodone for the purpose of determining the offense level in drug cases.  Mr. Lowry has asked that Amendment 657, which is retroactive, be applied to reduce his sentence.

As the magistrate judge noted, defendant's sentence was calculated based on his distribution of hydromorphone.  Amendment 657 does not affect calculation of sentences involving the drug hydromorphone and, accordingly, cannot be used to reduce defendant's sentence.  In his objections, Lowry asks the court to extend the reasoning behind the adoption of Amendment 657 to hydromorphone and recalculate defendant's relevant conduct by using the actual weight of hydromorphone.  This the court declines to do and, accordingly, Lowry's objections are OVERRULED.

Based on the foregoing, defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582. Accordingly, the court accepts Magistrate Judge VanDervort's findings and recommendation. The court further **DENIES** defendant's motion pursuant to 18 U.S.C. § 3582 and directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to Mr. Lowry and to counsel of record.

**IT IS SO ORDERED** this 1st day of May, 2006.

ENTER:

David A. Faber
Chief Judge